UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
PALM BEACH DIVISION

CASE NO: 9:09-cv-81108-COHN/SELTZER

CENTURY COMMUNICATIONS OF FLORIDA, INC., A Florida corporation, CENTURY DANIELS' LANDING, LLC., a Florida limited liability company, CENTURY FALCON PARC, LLC, a Florida limited liability company, CENTURY FALCON PINES, LLC, a Florida limited liability Company, CENTURY HAMMOCKS, LLC, a Florida limited liability company, CENTURY INDEPEDENDENCE, LLC, a Florida limited liability Company, CENTURY LIVE OAK PRESERVE, LLC, a Florida Limited liability company, CENTURY SAVANNAH PINES, LLC, a Florida limited liability company, CENTURY SAVANNAH LANDING, LLC, a Florida limited Liability company and CENTURY VICTORIA PINES LANDING, LLC, a Florida limited liability company,

Plaintiffs,

v.

BRIGHT HOUSE NETWORKS, LLC, a Delaware limited liability company,

Defendant.

______________________________________________/

**DEFENDANT, BRIGHT HOUSE NETWORKS, LLC'S ANSWER, AFFIRMATIVE DEFENSES, COUNTERCLAIM AND THIRD-PARTY COMPLAINT**

Defendant, Bright House Networks, LLC ("Bright House" or "Buyer"), files its Answer and Affirmative Defenses to Plaintiffs, Century Communications of Florida, Inc., Century Daniel's Landing, LLC, Century Falcon Parc, LLC, Century Hammocks, LLC, Century Independence, LLC, Century Live Oak Preserve, LLC, Century Savannah Pines, LLC, Century Savannah Landing, LLC, and Century Victoria Pines Landing, LLC (collectively, "Plaintiffs" or "Sellers") Complaint (the "Complaint"); Counterclaim against Sellers; and Third-Party Complaint against: (1) Arthur Falcone, as Trustee of the Arthur Falcone Amended and Restated

Revocable Living Trust Agreement, dated November 4, 2005; (2) Robert J. Falcone, as Trustee of the Robert J. Falcone Revocable Living Trust, dated September 1, 1993, as amended by that certain First Amendment dated as of September 10, 1997, as amended by that certain First Amendment dated April 30, 2004; (3) Edward Falcone; and (4) Neil Eisner (collectively, "Guarantors"), and states as follows:

**Parties**

1. Bright House admits the allegations contained in Paragraph 1 of Plaintiffs' Complaint.

2. Bright House admits the allegations contained in paragraph 2 of Plaintiffs' Complaint.

3. Bright House admits the allegations contained in paragraph 3 of Plaintiffs' Complaint.

4. Bright House admits the allegations contained in paragraph 4 of Plaintiffs' Complaint.

5. Bright House admits the allegations contained in paragraph 5 of Plaintiffs' Complaint.

6. Bright House admits the allegations contained in paragraph 6 of Plaintiffs' Complaint.

7. Bright House admits the allegations contained in paragraph 7 of Plaintiffs' Complaint.

8. Bright House admits the allegations contained in paragraph 8 of Plaintiffs' Complaint.

9. Bright House admits the allegations contained in paragraph 9 of Plaintiffs' Complaint.

10. Bright House admits that it is a limited liability company organized under the laws of the State of Delaware. Except as expressly admitted herein, Bright House denies the allegations contained in paragraph 10 of Plaintiffs' Complaint.

**General Allegations**

11. Bright House admits that on or about February 21, 2008, Sellers and Buyer entered into the Purchase Agreement (as defined in paragraph 11 of the Complaint) and that a true and correct copy of the Purchase Agreement is attached to the Complaint as Exhibit A. The Purchase Agreement speaks for itself and Bright House refers to the Purchase Agreement for a full and complete recitation of its contents. Except as expressly admitted herein, Bright House denies the remaining allegations contained in paragraph 11 of Plaintiffs' Complaint.

12. Bright House admits the allegations contained in paragraph 12 of Plaintiffs' Complaint.

13. Left intentionally blank.

14. The Purchase Agreement speaks for itself and Bright House refers to the Purchase Agreement for a full and complete recitation of its contents. Except as expressly admitted herein, Bright House denies the allegations contained in paragraph 14 of Plaintiffs' Complaint.

15. Bright House admits the allegations contained in paragraph 15 of Plaintiffs' Complaint.

16. Bright House admits that a year has transpired since the execution of the Purchase Agreement and admits that is has not agreed to the release of the Escrow Amount (as defined in paragraph 14 of the Complaint) to Sellers. Except as expressly admitted herein, Bright House

denies the remaining allegations contained in paragraph 16 of Plaintiffs' Complaint, and to the extent pled herein, denies that it has breached the Purchase Agreement in any way, denies that Plaintiffs are entitled to the Escrow Amount, and denies that it has any liability to Plaintiffs.

17. Paragraph 11.12 of the Purchase Agreement speaks for itself and Bright House refers to the Purchase Agreement for a full and complete recitation of its contents. Except as expressly admitted herein, Bright House denies the allegations contained in paragraph 17 of Plaintiffs' Complaint.

18. Bright House is without knowledge and therefore denies the allegations contained in paragraph 18 of Plaintiffs' Complaint.

19. Bright House is without knowledge and therefore denies the allegations contained in paragraph 19 of Plaintiffs' Complaint.

**Count I**
**Declaratory Judgment**

20. Bright House re-alleges and re-incorporates its responses to paragraphs 1 through 19 of the Complaint as if stated in paragraph 20 herein.

21. Bright House admits the allegations in Paragraph 21 of Plaintiffs' Complaint for jurisdictional purposes only, but denies that a valid cause of action for declaratory judgment exists and denies that Plaintiffs are entitled to any relief from Bright House.

22. Bright House denies the allegations contained in paragraph 22 of Plaintiffs' Complaint.

23. Bright House is without knowledge and therefore denies the allegations contained in paragraph 23 of Plaintiffs' Complaint.

24. The allegations contained in paragraph 24 of Plaintiffs' Complaint call for a legal conclusion to which no response is required.

25. Left intentionally blank.

26. Bright House admits that the Sellers contend that they have a right to the Escrow Amount. Except as expressly admitted herein, Bright House denies the remaining allegations contained in paragraph 26 of Plaintiffs' Complaint, denies that it has breached the Purchase Agreement or the Amended Agreement in any way, denies that Plaintiffs are entitled to the Escrow Amount, and denies that it has any liability to Plaintiffs.

27. Bright House admits the allegations contained in paragraph 27 of Plaintiffs' Complaint.

28. Fla. Stat. § 86.101 speaks for itself and Bright House refers to the Florida Statutes and applicable law for a full and complete recitation of its contents and application. Except as expressly admitted herein, Bright House denies the remaining allegations contained in paragraph 28 of Plaintiffs' Complaint, and denies that Plaintiffs are entitled to the relief requested herein.

**Count II**
**Specific Performance**

29. Bright House re-alleges and re-incorporates its responses to paragraphs 1 through 19 of the Complaint as if stated in paragraph 29 herein.

30. Bright House admits the allegations in Paragraph 30 of Plaintiffs' Complaint for jurisdictional purposes only, but denies that a valid cause of action for specific performance exists and denies that Plaintiffs are entitled to any relief from Bright House.

31. Bright House admits that is has not agreed the release of the Escrow Amount to Sellers. Except as expressly admitted herein, Bright House denies the remaining allegations contained in paragraph 31 of Plaintiffs' Complaint, and denies that Plaintiffs are entitled to the Escrow Amount, and denies that it has any liability to Plaintiffs.

32. Left intentionally blank.

33. Bright House admits that the Sellers demand conveyance of the Escrow Amount to them. Except as expressly admitted herein, Bright House denies the remaining allegations contained in paragraph 33 of Plaintiffs' Complaint, denies that Plaintiffs have complied with the Purchase Agreement and Amended Agreement, denies that Plaintiffs are entitled to the Escrow Amount, and denies that it has any liability to Plaintiffs.

34. Bright House denies the allegations contained in paragraph 34 of Plaintiffs' Complaint.

35. Bright House denies the allegations contained in paragraph 35 of Plaintiffs' Complaint.

**Count III**
**Breach of Contract**

36. Bright House re-alleges and re-incorporates its responses to paragraphs 1 through 18 of the Complaint as if stated in paragraph 36 herein.

37. Bright House admits the allegations in Paragraph 37 of Plaintiffs' Complaint for jurisdictional purposes only, but denies that Plaintiffs are entitled to any relief from Bright House.

38. Bright admits that it sent a letter dated June 9, 2009 to the Escrow Agent, which letter speaks for itself and Bright House refers to the June 9, 2009 letter for a full and complete recitation of its contents. Except as expressly admitted herein, Bright House denies the allegations contained in paragraph 38 of Plaintiffs' Complaint.

39. Bright House admits that is has not agreed to the release of the Escrow Amount to Sellers. Except as expressly admitted herein, Bright House denies the remaining allegations contained in paragraph 39[1] of Plaintiffs' Complaint, and to the extent pled herein, denies that it

has breached the Purchase Agreement in any way, denies that Plaintiffs are entitled to the Escrow Amount, and denies that it has any liability to Plaintiffs.

39[2]. Bright House denies the allegations contained in paragraph 39[2] of Plaintiffs' Complaint.

40. Left intentionally blank.

41. Left intentionally blank.

42. Left intentionally blank.

43. Bright House denies the allegations contained in paragraph 43 of Plaintiffs' Complaint.

44. Bright House denies the allegations contained in paragraph 44 of Plaintiffs' Complaint.

## **AFFIRMATIVE DEFENSES**

45. As and for its first affirmative defense, Bright House states that Plaintiffs have failed to state a claim or cause of action against Bright House for declaratory relief, specific performance, or breach of contract and for that reason Plaintiffs' Complaint against Bright House should be dismissed hence with its attorneys' fees and costs.

46. As and for its second affirmative defense, Bright House is entitled to its attorneys' fees and costs relative to this action pursuant to the Purchase Agreement.

47. As and for its third affirmative defense, Bright House states that Plaintiffs' claims are barred due to their material breaches of the Purchase Agreement and Amended Agreement, including, but not limited to, failing to disclose information which was likely to cause a material reduction in the number of subscribers or otherwise have a material impact on the System's

revenues or profits, or which limits in anyway the enforceability of any of the provisions of the Bulk Service Agreements, as defined in the Purchase Agreement.

48. As and for its fourth affirmative defense, Bright House states that Plaintiffs' claims are barred due to their negligent and/or fraudulent misrepresentations and omissions regarding the System's revenues or profits and/or the viability of the Bulk Service Agreements.

49. As and for its fifth affirmative defense, Bright House states that Plaintiffs' claims are barred due to their unclean hands in connection with their representations and omissions regarding the System's revenues or profits and/or the viability of the Bulk Service Agreements.

50. As and for its sixth affirmative defense, Bright House states that Plaintiffs' claims are barred by the doctrine of estoppel by virtue of Plaintiffs' conduct described as in these affirmative defenses and Bright House's Counterclaim and Third-Party Complaint.

51. As and for its seventh affirmative defense, Bright House states that it is entitled to a set-off for any amounts recovered by Plaintiffs by virtue of Plaintiffs' conduct described as in these affirmative defenses and Bright House's Counterclaim and Third-Party Complaint.

52. As and for its eighth affirmative defense, Bright House states that Plaintiffs fail to state a cause of action for declaratory relief because there is no allegation that the terms of the Purchase Agreement or Amended Agreement are ambiguous.

53. As and for its ninth affirmative defense, Bright House states that Plaintiffs fail to state a cause of action for declaratory relief because Plaintiffs have an adequate remedy at law.

WHEREFORE, Defendant, Bright House Networks, LLC, respectfully requests: (i) entry of a final judgment in its favor and against Plaintiffs on all claims; (ii) an award of the costs and attorneys' fees it incurred in this action pursuant to the applicable Purchase Agreement and Amended Agreement; and (iii) such other and further relief as is just and proper.

## BRIGHT HOUSE NETWORKS, LLC'S COUNTERCLAIM AND THIRD-PARTY COMPLAINT

Defendant, Bright House Networks, LLC ("Bright House"), by and through its undersigned counsel and pursuant to Fed. R. Civ. P. 13 and 14, files this Counterclaim against Plaintiffs and Third-Party Complaint against Guarantors, and states as follows:

### *Jurisdiction, Parties and Venue*

1. Defendant/Third-Party Plaintiff, Bright House is limited liability company organized pursuant to the laws of the State of Delaware. Bright House's sole member is a citizen of the State of New York.

2. Each of the Plaintiffs is limited liability company organized pursuant to the laws of the State of Florida and conducts business in Palm Beach County, Florida. The members of each Plaintiff are citizens of the State of Florida.

3. Each Third-Party Defendant Guarantor is a citizen of the State of Florida.

4. This Court has jurisdiction over this action pursuant to 28 U.S.C. §§1332, in that there is complete diversity of citizenship between Bright House and Plaintiffs, and the amount in controversy in this action exceeds $75,000.00 exclusive of interest and costs.

5. Venue is appropriate in this Court pursuant to the provisions of 28 U.S.C. § 1391.

### *General Allegations*

6. On February 28, 2008, Bright House and Plaintiffs executed the Purchase Agreement, as defined in the Complaint, and attached to the Complaint as Exhibit A.

7. On May 30, 2008, Bright House and Plaintiffs executed the Amended Agreement, as defined in the Complaint, and attached to the Complaint as Exhibit B.

8. Prior to the execution of the Purchase Agreement, Sellers were owners and operators of certain cable television systems (the "Systems") within the communities (the

"Communities") listed on Appendix A to the Purchase Agreement and had agreements in effect for the provision of cable television and other services to each of the Communities on a bulk basis as described in Appendix A to the Purchase Agreement (the "Bulk Service Agreement").

9. Pursuant to the Purchase Agreement, Bright House purchased from Sellers substantially all assets of Sellers used or useful in connection with the operation of the Systems. *See* Purchase Agreement, Article 2.

10. Pursuant to the express provisions of the Purchase Agreement, Sellers and Guarantors were required to disclose to Bright House any information which was likely to cause a material reduction in the number of subscribers or otherwise have a material impact on the System's revenues or profits, or which limits in anyway the enforceability of any of the provisions of the Bulk Service Agreements. *See* Purchase Agreement, Article 3.7, 3.10, 5.8, 5.16.

11. Prior to and to induce Bright House to enter into the Purchase Agreement, Sellers and Guarantors provided information to Bright House regarding the financial performance of the Systems.

12. Sellers and Guarantors failed and/or omitted to disclose to Bright House that a substantial portion of the revenues they had been receiving for services provided to the Communities were being paid by the developer of the each of the Communities, TOUSA, Inc. d/b/a Engle Homes.

13. Sellers and Guarantors knew and/or should have known, but failed and/or omitted to disclose to Bright House that TOUSA, Inc. filed for bankruptcy protection on January 29, 2008, in the case styled: *In re Tousa, Inc.*, United States Bankruptcy Court, Southern District of Florida, Case No: 08-10928(JKO).

14. The fact that Sellers had been receiving a substantial portion of their revenues from TOUSA, Inc. for services provided to the Communities and TOUSA, Inc.'s pending bankruptcy proceedings were facts which were likely to have a material impact on the System's revenues or profits, and/or limit the enforceability of any of the provisions of the Bulk Service Agreements.

15. As a result of TOUSA's financial condition, the Communities have been unable to pay and have not fully paid Bright House for the services Bright House has been providing to the Communities and Bright House's ability to generate revenues from future services to the Communities has been impaired.

16. Bright House has been damaged by Sellers and Guarantors failure to disclose all facts likely to have a material impact on the System's revenues or profits, because Bright House has not and will not receive payment for the services it has been providing to the Communities and Bright House's ability to generate revenues from future services to the Communities and from the future development of new homes has been impaired.

17. Bright House has employed the law firm of Ruden, McClosky, Smith, Schuster and Russell, P.A. to represent it in this action and is obligated to pay a reasonable fee for its services.

18. Pursuant to the Purchase Agreement, Bright House is entitled to recover its reasonable attorneys' fees and costs incurred in connection with this action.

19. All conditions precedent to this action have been satisfied, occurred, or have otherwise been waived.

**COUNT I – BREACH OF CONTRACT**
**(Against Sellers and Guarantors)**

20. Bright House realleges paragraphs 1 through 19 above as if more fully set forth herein.

21. Pursuant to the express provisions of the Purchase Agreement, Sellers and Guarantors were required to disclose to Bright House any information which was likely to cause a material reduction in the number of subscribers or otherwise have a material impact on the System's revenues or profits, or which limits in anyway the enforceability of any of the provisions of the Bulk Service Agreements. *See* Purchase Agreement, Article 3.7, 3.10, 5.8, 5.16.

22. The fact that Sellers had been receiving a substantial portion of their revenues from TOUSA, Inc. for services provided to the Communities and TOUSA, Inc.'s pending bankruptcy proceedings were facts which were likely to have a material impact on the System's revenues or profits, and the future development of new homes, and/or limit the enforceability of any of the provisions of the Bulk Service Agreements.

23. Bright House has been damaged by Sellers and Guarantors breach in failing to disclose all facts likely to have a material impact on the System's revenues or profits, because Bright House has not and will not receive payment for the services it has been providing to the Communities and Bright House's ability to generate revenues from future services to the Communities has been impaired.

WHEREFORE, Plaintiff, Bright House Networks, LLC, demands judgment against Sellers and Guarantors, for any and all compensatory, incidental, and other damages, interest, costs, attorneys' fees in accordance with the Purchase Agreement and Amended Agreement, and any and all other relief this Court deems necessary, just and proper.

**COUNT II – RESCISSION OF CONTRACT[1]**
**(Against Sellers and Guarantors)**

24. Bright House realleges paragraphs 1 through 19 above as if more fully set forth herein.

25. Prior to entering into and to induce Bright House to enter into the Purchase Agreement and Amended Agreement, Sellers and Guarantors provided material information to Bright House regarding the financial performance of the Systems.

26. Sellers and Guarantors knew or should have known that that information provided to Bright House regarding the financial performance of the Systems was materially false and/or incomplete because they failed to disclose the fact that Sellers had been receiving a substantial portion of their revenues from TOUSA, Inc. for services provided to the Communities and of TOUSA, Inc.'s pending bankruptcy proceedings.

27. Based upon the materially and/or incomplete representations of Sellers and Guarantors regarding the financial performance of the Systems, Bright House is entitled to rescission of the Purchase Agreement and Amended Agreement.

28. Bright House has rescinded the Purchase Agreement and Amended Agreement and notified Sellers and Guarantors of such rescission.

29. Bright House offers to restore the parties to their original positions prior to the execution of the Purchase Agreement.

30. Bright House has no adequate remedy at law.

WHEREFORE, Plaintiff, Bright House Networks, LLC, demands rescission of the Purchase Agreement and Amended Agreement, and any and all other relief this Court deems necessary, just and proper.

---

[1] Pled in the alternative to Count I.

**COUNT III – FRAUDULENT MISREPRESENTATION**
**(Against Sellers and Guarantors)**

31. Bright House realleges paragraphs 1 through 19 above as if more fully set forth herein.

32. Prior to and to induce Bright House to enter into the Purchase Agreement and Amended Agreement, Sellers and Guarantors provided information to Bright House regarding the financial performance of the Systems.

33. Sellers and Guarantors knew or should have known that that information provided to Bright House regarding the financial performance of the Systems was materially false and/or incomplete because they fraudulently failed to disclose the fact that Sellers had been receiving a substantial portion of their revenues from TOUSA, Inc. for services provided to the Communities and of TOUSA, Inc.'s pending bankruptcy proceedings.

34. Sellers and Guarantors made their disclosures to Bright House and omitted to disclose material information to Bright House in order to induce Bright House to rely on those disclosures and omissions and enter into the Purchase Agreement and Amended Agreement.

35. Bright House was induced into entering into the Purchase Agreement and Amended Agreement based upon the information to Bright House regarding the financial performance of the Systems and the failure/omission of Sellers and Guarantors to disclose that Sellers had been receiving a substantial portion of their revenues from TOUSA, Inc. for services provided to the Communities and of TOUSA, Inc.'s pending bankruptcy proceedings.

36. Bright House justifiably relied on the representations of Sellers and Guarantors regarding the financial performance of the Systems.

37. Bright House has suffered damages in justifiable reliance on the representations of Sellers and Guarantors regarding the financial performance of the Systems.

WHEREFORE, Plaintiff, Bright House Networks, LLC, demands judgment against Sellers and Guarantors, for any and all compensatory, incidental, and other damages or equitable remedies, interest, costs, and any and all other relief this Court deems necessary, just and proper.

**COUNT IV – NEGLIGENT MISREPRESENTATION**
**(Against Sellers and Guarantors)**

38. Bright House realleges paragraphs 1 through 19 above as if more fully set forth herein.

39. Prior to and to induce Bright House to enter into the Purchase Agreement and Amended Agreement, Sellers and Guarantors provided information to Bright House regarding the financial performance of the Systems.

40. Sellers and Guarantors knew or should have known that that information provided to Bright House regarding the financial performance of the Systems was materially false and/or incomplete because they negligently failed to disclose the fact that Sellers had been receiving a substantial portion of their revenues from TOUSA, Inc. for services provided to the Communities and of TOUSA, Inc.'s pending bankruptcy proceedings.

41. Sellers and Guarantors made their disclosures to Bright House and omitted to disclose material information to Bright House in order to induce Bright House to rely on those disclosures and omissions and enter into the Purchase Agreement and Amended Agreement.

42. Bright House was induced into entering into the Purchase Agreement and Amended Agreement based upon the information to Bright House regarding the financial performance of the Systems and the failure/omission of Sellers and Guarantors to disclose that Sellers had been receiving a substantial portion of their revenues from TOUSA, Inc. for services provided to the Communities and of TOUSA, Inc.'s pending bankruptcy proceedings.

43. Bright House justifiably relied on the representations of Sellers and Guarantors regarding the financial performance of the Systems.

44. Bright House has suffered damages in justifiable reliance on the representations of Sellers and Guarantors regarding the financial performance of the Systems.

WHEREFORE, Plaintiff, Bright House Networks, LLC, demands judgment against Sellers and Guarantors, for any and all compensatory, incidental, and other damages or equitable remedies, interest, costs, and any and all other relief this Court deems necessary, just and proper.

**COUNT V – UNJUST ENRICHMENT**
**(Against Sellers and Guarantors)**

45. Bright House realleges paragraphs 1 through 5, 12 through 17, and 19 above as if more fully set forth herein.

46. Based upon representations by Sellers and Guarantors as to the value thereof, Bright House delivered the sum of $9.8 million (and placed an additional $1.1 million in escrow) to Sellers in order to provide cable services to the Communities on a bulk basis.

47. Sellers and Guarantors received a benefit by Bright House's delivery of the sum of $9.8 million to Sellers.

48. Because of the fact that Sellers had been receiving a substantial portion of their revenues from TOUSA, Inc. for services provided to the Communities and of TOUSA, Inc.'s pending bankruptcy proceedings, the actual value Sellers delivered to Bright House under the Purchase Agreement was far less than the benefit Bright House delivered to Sellers and Guarantors.

49. Sellers and Guarantors had knowledge of such benefit and voluntarily accepted and retained such benefit.

50. Based upon Sellers' and Guarantors' failure to disclose all facts material to the financial performance of the services to the Communities, it would be inequitable for Sellers and Guarantors to retain the full benefit Bright House conferred upon them, unless Sellers and Guarantors compensate Bright House for the excess benefit received.

WHEREFORE, Plaintiff, Bright House Networks, LLC, demands judgment against Sellers and Guarantors, for any and all compensatory, incidental, and other damages, interest, costs, and any and all other relief this Court deems necessary, just and proper.

**CERTIFICATE OF SERVICE**

I hereby certify that on the 6th day of August, 2009, I electronically filed the foregoing document with the Clerk of the Court using CM/ECF. I also certify that the foregoing document is being served this day on all counsel of record identified on the attached Service List in the manner specified, either via transmission of Notices of Electronic Filing generated by CM/ECF or in some other authorized manner for those counsel or parties who are not authorized to receive electronically Notices of Electronic Filing.

Dated: August 6, 2009
West Palm Beach, Florida

Respectfully submitted,

s/ Elliot A. Hallak

Amy S. Rubin (Florida Bar Number: 476048)
amy.rubin@ruden.com
Elliot A. Hallak (Florida Bar Number: 762741)
elliot.hallak@ruden.com
RUDEN, MCCLOSKY, SMITH, SCHUSTER & RUSSELL, P.A.
222 Lakeview Avenue, Suite 800
West Palm Beach, FL 33401
Telephone: (561) 838-4500
Facsimile: (561) 514-3447

*Attorneys for Bright House Networks, LLC*

**SERVICE LIST**

*Century Communications of Florida, Inc. et. al. v. Bright House Networks, LLC*
Case No. 9:09-cv-81108-COHN/SELTZER
United States District Court, Southern District of Florida

**Electronically by CM/ECF System**

Amy S. Rubin (Florida Bar Number: 476048)
Elliot A. Hallak (Florida Bar Number: 762741)
RUDEN, MCCLOSKY, SMITH, SCHUSTER & RUSSELL, P.A.
222 Lakeview Avenue, Suite 800
West Palm Beach, FL 33401
Telephone: (561) 838-4500
Facsimile: (561) 514-3447
*amy.rubin@ruden.com*
*elliot.hallak@ruden.com*

Nathan E. Nason, Esq. (Florida Bar Number: 511218)
John D. Foster, Esq. (Florida Bar Number: 518441)
Nason, Yeager, Gerson, White & Lioce, P.A.
1645 Palm Beach Lakes Boulevard, Suite 1200
West Palm Beach, FL 33401
Telephone: (561) 686-3307
Facsimile: (561) 656-6547
*nnason@nasonyeager.com*
*jfoster@nasonyeager.com*